UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Miller Photographer, LLC,

Plaintiff,

v.

Shorty Awards LLC,

Defendant.

Case No:

**COMPLIANT**

JURY TRIAL DEMANDED

Plaintiff Robert Miller Photographer, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Shorty Awards LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Robert Miller ("Miller"), a professional photographer whose work is owned and licensed by Plaintiff, created a photograph of an advertisement from New York City's "We Love NYC" civic campaign displayed on a LinkNYC kiosk in Times Square (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at www.shortyawards.com (the "*Website*"), through which it promotes and administers its Shorty Awards and Shorty Impact Awards competitions and publishes the entries submitted to them.

4. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Robert Miller Photographer, LLC is a New York limited liability company



SLG SANDERS · LAW GROUP ·

and maintains its principal place of business in New York County, New York.

6. Defendant is a Delaware limited liability company which, upon information and belief, maintains its principal place of business in Miami-Dade County, Florida, and which has been registered with the New York Department of State as a foreign limited liability company authorized to do business in New York since December 2017.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because, inter alia, Defendant has been registered to do business in New York since December 2017 and has listed a New York City address with the New York Department of State, produces and stages its flagship Shorty Awards ceremony in New York City, and solicits, accepts, and charges fees for award entries submitted by New York-based brands, agencies, and organizations.

9. This Court has personal jurisdiction over Defendant under N.Y. C.P.L.R. § 302(a)(1) because Defendant transacts business within New York and Plaintiff's claims arise from that business, including, upon information and belief, Defendant's solicitation, acceptance, judging, and publication of the entry containing the Photograph, which was submitted by New York-based entrants on behalf of a New York City civic campaign and which Defendant presented as an award winner.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

11. Miller is a professional photographer based in New York City whose work has been

SLG SANDERS LAW GROUP

widely published by newspapers, magazines, media organizations, and news outlets, including Time, Newsweek, LIFE, Rolling Stone, Vanity Fair, People, The New York Times, the New York Post, the New York Daily News, and Newsday.

12. Miller holds a B.F.A. from The Cooper Union and was selected for the Eddie Adams Workshop through a juried review of his photographs.

13. Miller's photographs of the September 11, 2001 attacks are held in the permanent collection of the Library of Congress, were published in books about the attacks including "Here Is New York," and were included in a PBS documentary about the attacks.

14. Miller has worked as a professional photographer for many years and conducts his photography business through Plaintiff, which owns and licenses his work.

15. Miller and Plaintiff have devoted substantial time, skill, effort, and expense to developing Plaintiff's photography business and creating a portfolio of original photographs.

16. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

17. Plaintiff is the copyright owner of numerous original photographic works authored by Miller and protected under the Copyright Act, including the Photograph that is the subject of this action.

18. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

19. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in those works pursuant to the Copyright Act.

20. Plaintiff relies upon licensing revenue derived from the authorized use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for



SLG SANDERS · LAW GROUP ·

authorized licenses.

21. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

22. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

23. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

24. On March 29, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

25. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

26. The New York Post published the Photograph on March 29, 2023, at URL https://nypost.com/2023/03/29/snarky-nyc-tourism-campaign-targets-boston/, with a credit identifying Miller as its author.

27. In creating the Photograph, Miller personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

28. On April 3, 2023, the Photograph was registered by the USCO under Registration No. VA 2-345-270.

29. The USCO subsequently issued a supplementary registration for the Photograph under Registration No. VA 2-476-836, effective April 15, 2025.

30. Miller created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

31. Plaintiff acquired all rights in and to the Photograph from Miller by way of a written assignment.



SLG SANDERS · LAW GROUP ·

**B. Defendant's Infringing Activity**

32. Defendant is the registered owner of the Website and is responsible for its content.

33. Defendant is the operator of the Website and is responsible for its content.

34. The Website is a part of and used to advance Defendant's commercial enterprise.

35. The Website is monetized in that Defendant uses it to solicit and collect paid entries to its awards competitions, sell tickets to its awards ceremonies, and promote its sponsors and partners, and, upon information and belief, Defendant profits from these activities.

36. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

37. Upon information and belief, Defendant's revenue is driven in substantial part by the fees it charges brands, agencies, and organizations for each award entry. Defendant publishes those entries on the Website, together with their images, as an online gallery of the work its competitions have honored, which Defendant uses to demonstrate the prestige of its awards and to induce new paid entries in each subsequent competition.

38. Under the rules Defendant publishes for its competitions, Defendant administers the awards and makes all final decisions regarding them in its sole discretion, takes a license to use, reproduce, distribute, and display the content entrants submit, and reserves the right to publish all entries, wholly or in part, as case studies or for publicity purposes.

39. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Website in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

40. Upon information and belief, Defendant is a sophisticated media and events company operating in an industry in which the use of professional photography and copyrighted content is prevalent.

41. Upon information and belief, Defendant knew or should have known that the



SLG SANDERS · LAW GROUP ·

Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

42. Upon information and belief, Defendant's personnel are familiar with copyright licensing requirements, as reflected in Defendant's own published competition rules, which require entrants to represent that they own or hold the necessary licenses to the content they submit and which set out a procedure for copyright owners to submit notices of claimed infringement.

43. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

44. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

45. No later than September 22, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of its published presentation of an entry for the "We Love NYC" campaign in Defendant's 8th Annual Shorty Impact Awards at URL https://shortyawards.com/8th-impact/wenyc (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

46. Defendant presented that entry on the Website as the winner of its Nonprofit Partnership award, as a finalist in its Community Engagement category, and as the recipient of additional Gold, Silver, and Audience honors.

47. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://dp6mhagng1yw3.cloudfront.net/entries/8th-impact/8a58c9ae-7cc8-4fa3-92b3-515ffc0a6cbf.jpg.

48. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph,

including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

49. Plaintiff first observed the Infringement on December 9, 2023.

50. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

51. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

52. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

53. Defendant exercised control over the content published on its Website and was responsible for reviewing, approving, publishing, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or entry fees.

54. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, judges, and other representatives acting on its behalf, including the members of the judging body Defendant calls the "Real Time Academy" (collectively, the "*Representatives*").

55. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

56. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.



SLG SANDERS · LAW GROUP ·

57. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

58. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

59. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

60. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

61. The USCO's DMCA Designated Agent Directory reflects that Defendant's designation of an agent to receive notifications of claimed infringement pursuant to 17 U.S.C. §512(c)(2) was effective only through November 23, 2023, and that Defendant did not designate a new agent until January 8, 2024. The Infringement remained on public display on the Website throughout that period, and Plaintiff discovered the Infringement during that period.

62. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because, inter alia, the Infringement was reviewed, approved, selected for honors, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority, and because Defendant received a financial benefit directly attributable to the infringing activity, including the entry fees paid for the entry containing the Photograph, in a case in which Defendant had the right and ability to control such activity.

63. Upon information and belief, the Infringement does not constitute storage at the direction of a "user" within the meaning of 17 U.S.C. §512(c), because Defendant affirmatively selected the entry containing the Photograph for awards and honors and published it as part of



SLG SANDERS LAW GROUP

Defendant's own presentation of the results of its competition.

64. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

65. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

66. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

67. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

68. Upon information and belief, Defendant monitors the content on its Website.

69. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

70. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

71. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

72. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

73. Upon information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

74. Defendant's use of the Photograph harmed the actual market for the Photograph.

75. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

76. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license its work to other commercial entities.

77. On November 14, 2024, Plaintiff, through counsel, notified Defendant in writing of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

78. Defendant thereafter removed the Photograph from the Website, but only after it had publicly displayed the Photograph for more than a year, and Defendant has not compensated Plaintiff for its unauthorized use.

79. Despite receiving notice of Plaintiff's claims and being afforded an opportunity to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

80. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

81. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

82. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

83. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

84. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the



SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

USCO.

85. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

86. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

87. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

88. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

89. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

90. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

91. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## **SECOND CAUSE OF ACTION**
***(Vicarious Copyright Infringement)***

92. Plaintiff repeats and incorporates, as though fully set forth herein, each and every

allegation contained in the preceding paragraphs, as though set forth in full herein.

93. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website.

94. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

95. Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*, the fees paid for the entry containing the Photograph and the increased traffic to its Website, which Defendant uses to promote its competitions to prospective paid entrants, sponsors, and ceremony attendees.

96. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby promoting its competitions and increasing its entry and sponsorship revenue.

97. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

98. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

99. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

100. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.



SLG SANDERS · LAW GROUP ·

101. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

102. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

SLG SANDERS · LAW GROUP ·

DATED: November 4, 2026

**SANDERS LAW GROUP**

By: *_/s/ Craig Sanders_*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129346

*Attorneys for Plaintiff*

SANDERS LAW GROUP